FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 21 2020 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

**MEMORANDUM & ORDER**

11 CR 765 (RJD)
16 CV 3423 (RJD)

JAMEL BRYANT,

                Defendant.
------------------------------------------------------X

DEARIE, District Judge.

On June 23, 2016, Jamel Bryant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence due to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The motion was stayed for several years pending proceedings in the Supreme Court and the Court of Appeals for the Second Circuit involving the ultimate reach of Johnson. In a supplemental submission dated November 4, 2019, Bryant moves to amend his § 2255 motion to include a new claim, based on Rehaif v. United States, 139 S. Ct. 2191 (2019), that challenges the Court's jurisdiction over his criminal prosecution.

For the reasons to be discussed, while the motion to amend is granted on the government's consent, the application for habeas relief is denied as to both the Johnson and Rehaif claims.

## BACKGROUND

Following a gang-related shooting in Far Rockaway, Queens on October 7, 2011, defendant Jamel Bryant and several fellow gang members were arrested in flight from the scene and in possession of five firearms. Presentence Report ("PSR") at ¶¶ 3-4. At the time, Bryant was on parole for a prior felony conviction obtained in Supreme Court, Queens County, for

criminal possession of a weapon in the second degree, N.Y. Penal Law §265.03(1)(b). See PSR ¶ 34. That crime is a class C violent felony, see NY Penal Law § 70.02(1)(b), with a statutorily required minimum sentence of 3.5 years in prison. See id. § 70.02(3)(b).

A single-count indictment issued November 11, 2011 charged that Bryant, "having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Sig Sauer .45 caliber pistol, and ammunition," in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). ECF No. 6.

On July 10, 2012 Bryant pled guilty to the charge, without a plea agreement, before Judge John Gleeson. On March 27, 2013, Judge Gleeson imposed a sentence of 78 months' incarceration plus a three-year term of supervised release. In July of 2017, Bryant was released from custody and began serving his term of supervised release. Since that time, he has come before the Court twice. On July 20, 2018, Bryant pled guilty to violating the conditions of supervised release and was sentenced to six months in prison. ECF Nos. 51-52. On February 8, 2019, Bryant was arraigned on additional violation charges that were later dismissed on motion of the government. ECF Nos. 58, 60.

## DISCUSSION

### I. The Johnson branch of the §2255 Motion

Bryant initially argued that Johnson required vacatur of his sentence on the theory that a guideline provision on which Judge Gleeson relied in determining his sentence, the residual clause of §4B1.2, was worded identically to the statute struck down in Johnson. See id., 135 S.

2

Ct. at 2557 et seq. Bryant now agrees, in a letter submitted on his behalf by the Federal Defenders, that Beckles v. United States, 137 S. Ct. 886 (2017) is controlling. See id., 137 S. Ct. at 890, 895 (holding, in pertinent part, that the sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause" and that "§4B1.2(a)'s residual clause is not void for vagueness"). Bryant concedes that, as a result of Beckles, he "no longer has a viable claim under Johnson that his base offense level was incorrectly calculated." ECF No. 70 at 1.

## II. The Motion to Amend

The time for amending as a matter of course under Federal Rule 15(a)(1) having long lapsed, Rule 15 (a)(2) controls here. See Fed. R. Civ. P. 15(a)(1)-(2). That rule provides that a "party may amend its pleading only with the party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Id. The government has consented in writing to the request to amend. Gov't Ltr. Dec. 26, 2019 (ECF no. 72) at 1. See generally Ching. v United States, 298 F.3d 174, 180 (2d Cir. 2002) ("application of Fed. R. Civ. P. 15 to habeas petitions and § 2255 motions [does] not frustrate the AEDPA's goals, even if the motion to amend is brought late in the proceedings"). Accordingly, the motion to amend is granted. But see Fleury v. United States, 2019 WL 6124486, at *3 n. 4 (S.D.N.Y. Nov. 19, 2019) (Rehaif claim added to 2016 Johnson-based Section 2255 motion "should [ ] have been presented, if at all, to the Court of Appeals in a successive petition since it does not arise out of or relate to [the] 2016 Petition," citing 28 U.S.C. § 2255(h)).

## III. The Rehaif Claim

Title 18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for nine listed categories of individuals to carry firearms. Bryant, as noted, was charged and convicted under subparagraph

3

(1) of Section 922(g), which prohibits the possession of a firearm by any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The applicable scienter requirement is contained in a separate provision, § 924(a)(2), which provides that anyone who "knowingly violates" § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

In Rehaif, the Supreme Court "h[e]ld that the word 'knowingly' [in §924(a)(2)] applies both to the defendant's conduct and to the defendant's status," and therefore that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2194, 2200.

It is undisputed that Bryant had "been convicted in any court punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), but also undisputed that the indictment fails to allege, as Rehaif now requires, that Bryant *knew* that fact. The issue before the Court is whether this defect requires that Bryant's conviction be vacated.

Bryant's claim in his § 2255 papers is simply that, by omitting one of the required elements of a 922(g) offense, the indictment in this case fails to charge any federal offense at all and, therefore, fails to bestow subject matter jurisdiction upon this Court. See generally United States v. Yousef, 70 F.3d 254, 259 (2d Cir. 2014) (summarizing Circuit law regarding the "inquiry into whether an indictment charges a federal offense for the purposes of establishing subject-matter jurisdiction"), cert. denied, 574 U.S. 898 (2014); see also United States v. Bastian, 770 F.3d 212, 217 (2d Cir. 2014) ("A defect qualifies as jurisdictional only if it alleges that the face of the defendant's indictment discloses that the count to which he pleaded guilty failed to

4

charge a federal offense, such that the district court lacked the power to entertain the prosecution") (internal quotations and alterations omitted).

Bryant's jurisdictional challenge fails: the Second Circuit has considered and squarely rejected this exact claim in a lengthy discussion of federal jurisdiction in post-Rehaif § 922(g) prosecutions. See United States v. Balde, 943 F.3d 73, 88-93 (2d Cir. 2019) (opinion issued on rehearing). Recognizing, first, that it "is now clear after Rehaif" that a defendant's knowledge of his status for 922(g) purposes is "an element of the offense," and that, "in interpreting the statute, Rehaif instructs us about what § 922(g)(5)(A) has always meant," the Circuit nevertheless "disagree[d] with [the claim] that the indictment's failure to allege [that knowledge] in explicit terms...is a jurisdictional defect." 943 F.3d at 88, 94. See also id. at 92 ("we conclude that the indictment's failure to allege that Balde knew that he was illegally present in the United States was not a jurisdictional defect."). In reaching this conclusion, authoring Judge Gerald Lynch was guided, in part, by the Rehaif litigation itself. As his opinion highlights,

> in Rehaif itself the Supreme Court did not vacate the conviction and remand with instructions to dismiss the indictment, as it would have been required to do had the error it identified been jurisdictional. The Court instead remanded for the lower courts to consider whether any error in the jury instructions was harmless.

Balde, 943 F.3d at 92. Judge Lynch further notes that the Eleventh Circuit "in turn remanded to the district court to 'consider in the first instance whether [its] error in failing to instruct the jury that the government must prove that Rehaif knew he was illegally or unlawfully in the United States was harmless such that his conviction can be affirmed.'" Id. (quoting, United States v. Rehaif, 776 F. App'x 653, 654 (11th Cir. 2019)).

In sum, the Balde decision forecloses Bryant's Rehaif-based challenge to the Court's subject-matter jurisdiction.

5

Having disposed of the jurisdictional challenge, the Court finds no basis to disturb Bryant's conviction because of Rehaif. Any claim that Rehaif somehow exposes a defect in the acceptance of Bryant's plea, for example, would be barred because Bryant did not raise it at the time of his plea and did not appeal his conviction. See generally Massaro v. United States, 538 U.S. 500, 504 (2003) (claims not raised in trial court or on direct appeal cannot be raised on collateral review); Bousley v. United States, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted). A procedurally barred habeas claim can be considered only if a petitioner demonstrates cause for the default and resulting prejudice, or that he is actually innocent, Bousley, 523 U.S. at 622, but Bryant has not even addressed these issues. Accordingly, any attack on the validity of his plea based on Rehaif would be procedurally barred. See Fleury v. United States, 2019 WL 6124486, at * 3 (S.D.N.Y. Nov. 19, 2019) (Section 2255 petitioner "has procedurally defaulted his challenge premised on Rehaif" because he did not raise the issue at trial or on appeal, "does not explain what cause prevented him from raising" the issue, and "ha[s] not demonstrated either prejudice or actual innocence to excuse his procedural default"); United States v. Wilson, 2019 WL 6606340, at *6 (W.D. Mich. Dec. 5, 2019) (holding that Section 2255 petitioner's Rehaif-based challenge to his plea to §922(g) charge, on the ground that he did not know he was a felon, is procedurally defaulted because he did not raise it on appeal, and did not establish cause and prejudice or actual innocence).

The likely argument that might be offered to excuse the default, that there was no legal basis to make such a claim before Rehaif, would also fail. While cause may exist where a claim

"is so novel that its legal basis is not reasonably available to counsel," Reed v. Ross, 468 U.S. 1, 16 (1984), it is not enough that "that a claim was unacceptable to that particular court at that particular time") (internal quotation and citation omitted). Engle v. Isaac, 456 U.S. 107, 130 (1982). The issue decided in Rehaif was percolating in the courts for years, including at the time Bryant entered his plea. See, e.g., United States v. Reap, 391 F. App'x 99, 103-104 (2d Cir. 2010) (in challenge to validity of a plea, rejecting while affording plenary treatment to defendant's claim that he did not know his 922(g) felon status, including his assertion that "Supreme Court jurisprudence in analogous cases" required proof of such knowledge), cert. denied, 564 U.S. 1030 (2011); United States v. Kind, 194 F.3d 900, 907 (8th Cir. 1999) (rejecting defendant's argument that "district court erred in not instructing the jury that a defendant must know his status as a convicted felon to violate § 922(g)(1)"), cert. denied, 528 U.S. 1180 (2000); see also Rehaif, 139 S. Ct. at 2199 (observing that, even "[p]rior to 1986. . . there was no definitive judicial consensus that knowledge of status was not needed").

Further, and in any event, Bryant could not establish prejudice because there is sufficient evidence in the record to establish his knowledge of his status: namely, the fact that he was sentenced on his state felony conviction to a five years' incarceration and actually served more than three years of that term. PSR ¶ 34, 37-38. As the Second Circuit observed in Balde, "while Rehaif's impact is only beginning to be addressed, courts have thus far unanimously applied a plain error standard in addressing convictions obtained before that decision." Balde, 943 F.3d at 92 (collecting cases). Further, these courts have uniformly held that the failure to advise the defendant at his plea, or to instruct a jury, that the government had to prove knowledge of status was *not* plain error where, as here, the record contains facts sufficient to satisfy that element.

7

See, e.g. United States v. Burghardt, 939 F.3d 397, 404 (1st Cir. 2019) ("Our own review of the record nevertheless reveals no reason to think that the government would have had any difficulty ... in offering overwhelming proof that [the defendant] knew that he had previously been convicted of offenses punishable by more than a year in prison...And we have repeatedly held that if there is overwhelming proof establishing an element of the charged offense, a court's failure to describe that element during a Rule 11 plea colloquy does not by itself constitute plain error"); United States v. Hollingshed, 940 F.3d 410, 415-16 (8th Cir. 2019), (serving 78 months on prior conviction "indicate[s] that [the defendant] knew" he was a convicted felon for 922(g)(1) purposes so "any error in not instructing the jury to make such a finding did not affect [the defendant's] substantial rights") (internal quotation and citation omitted); Balde, 943 F.3d at 92 (collecting additional cases).

In short, because any Rehaif-based challenge to the validity of his plea would fail on direct appeal, Bryant could not establish the prejudice required to lift the bar to consideration of that claim here. Further, and in any event, because that claim would fail on direct appeal it would necessarily also fail on the merits under the stricter standards required for a grant of federal habeas relief. See Baquero v. United States, 2020 WL 42809, at *1 (E.D.N.Y. Jan. 3, 2020) (relief under § 2255 is available only "to correct a defect in sentencing [that] raises constitutional issues, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice") (quoting, Soto v. United States, 185 F.3d 48, 56 (2d Cir. 1999)). In short, there has been no miscarriage of justice in this case warranting the grant of habeas relief.

## CONCLUSION

For all of the foregoing reasons, Jamel Bryant's motion for relief under 28 U.S.C. § 2255 (ECF No. 34) is denied. Further, because Bryant has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. This order closes the corresponding civil matter.

SO ORDERED.

Dated: Brooklyn, New York
January 21, 2020

s/Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge